IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THE BANK OF NEW YORK MELLON
formerly known as the Bank of New York
on behalf of CIT Mortgage Loan Trust
2007-1,

                OPINION AND ORDER

        Plaintiff,

                16-cv-349-bbc

    v.

JOHN A. GLAVIN; GABRIELLE
GLAVIN; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. AS
NOMINEE FOR ACCREDITED HOME
LENDERS, INC.; UNIFUND CCR
PARTNERS; CITIBANK (SOUTH
DAKOTA) N.A.; UNITED STATES
OF AMERICA; WISCONSIN RIVER
CO-OP SERVICES,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      For almost seven years, plaintiff The Bank of New York Mellon has been pursuing an action in the Circuit Court for Juneau County, Wisconsin, to foreclose on a mortgage executed by defendants John A. Glavin and Gabrielle Glavin in February 2006. To prevent that from happening, the Glavins have filed a number of actions in this court and in the United States Bankruptcy Court for this district. (Since the Glavins are the only defendants that play a role in this opinion and order, I will refer to them simply as "defendants" from now on.)

      The matter is now before this court on plaintiff's motion for remand of the case to the state court, for an order prohibiting defendants from removing the case for a period of 180 days

1

and for an award of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. Because this is the third time that defendants have removed the case to this court without justification, I will grant plaintiff's motion for an award of costs and actual expenses. However, plaintiff has cited no authority to support its motion to bar defendants from removing the case for 180 days, this motion will be denied.

RECORD FACTS

Plaintiff The Bank of New York Mellon filed a mortgage foreclosure action in the Circuit Court for Juneau County, Wisconsin, on September 4, 2009. Dkt. #1. Wisconsin Consolidated Court Automation Programs, http://wcca.wicourts.gov. (All references to docket numbers for filings in the state circuit court are to filings for cases initiated by defendant John Galvin in the Circuit Court for Juneau County; all can be accessed on the Wisconsin Consolidated Court Automation Programs website.). Plaintiff alleged that it was the owner and holder of a note and mortgage executed by defendants John and Gabrielle Glavin and that the mortgagors had failed to make any monthly payments on the mortgage covering the property located at West 6222 Highway A, New Lisbon, Wisconsin. Plaintiff sought foreclosure and sale of the premises.

Two months after the filing, defendant John Glavin filed for Chapter 13 bankruptcy protection in the Bankruptcy Court for the Western District of Wisconsin, bankruptcy case no. 10-bk-15431. This was the first of five filings for bankruptcy initiated by defendants between November 2009 and July 27, 2016. All were dismissed for defendants' failure to comply with the bankruptcy court's requirements for obtaining relief.

In addition to defendants' bankruptcy court filings, defendant John Glavin has twice filed

a Notice of Removal from the Circuit Court for Juneau County to this court: once on December 3, 2010 (district court case #10-cv-765) and again on December 18, 2014 (district court case #14-883). In both instances, the cases were remanded by this court to the Circuit Court for Juneau County, see dkt. #18, district court case 10-cv-765; dkt. #11, district court case 14-cv-883, on the ground that the removals were not filed within 30 days of the pleading that provided the basis for removal and were therefore untimely.

On May 7, 2013, the sheriff conducted a sale of the subject of the foreclosure action. The sheriff's sale was confirmed by the Circuit Court for Juneau County on December 16, 2013 and a writ of assistance issued on January 17, 2014.

On April 11, 2014, defendant John Glavin moved in the Circuit Court for Juneau County for relief from judgment, for an order vacating or setting aside the foreclosure order and for an order granting an immediate stay of writ of assistance. Dkt. #89. On October 23, 2014, the circuit court judge directed plaintiff to file a new notice for confirmation of the sheriff's sale. dkt. #105, which plaintiff did on December 1, 2014. Dkt. #108. On December 5, 2014, defendants filed a notice of appeal with the Wisconsin Court of Appeals, through counsel. Wisconsin Consolidated Court Automation Programs, http://wscca.wiscourts.gov. The court of appeals dismissed the appeal for lack of jurisdiction on April 29, 2015.

On December 15, 2014, defendants asked the Circuit Court for Juneau County to stay the confirmation of sale. Dkt. #109. On December 17, 2014, defendant John Glavin filed a pro se motion to strike and oppose plaintiff's motion for confirmation of the sheriff's sale. Dkt. #113. Plaintiff filed its opposition to any stay of the foreclosure pending appeal. Dkt. #116. On December 18, 2014, defendants filed their second notice of removal of the foreclosure action

to this court. Dkt. #1, district court case no. 14-cv-883-bbc. Plaintiff's motion to remand the matter to the Circuit Court for Juneau County was granted on March 11, 2015. Dkt. #11, 14-cv-883-bbc.

On May 23, 2016, plaintiff filed a motion to clarify the record by voiding the existing sheriff's deed, so as to clarify the specific legal description of the property and seeking confirmation of sale. Dkt. ##195, 196. On May 26, 2016, defendants filed a notice of removal in this court for the third time, contending that the action had recently become removable. They did not cite any new filing or court action in the Juneau County court to support their claim that the action had become removable. The circuit court's docket sheet shows that during the 30 days before the removal, only three matters were docketed: plaintiff's counsel's motion to void the sheriff's deed and to amend the judgment and documents to their original dates and application for sheriff's sale, the mailing of the notice of that motion to all parties and a request from a lawyer to appear by telephone on May 27, 2016. Dkt. ##194-98.

OPINION

In their third attempt to remove the foreclosure action to this court, filed on May 26, 2016, defendants contend that the removal is justified because they discovered within the 30 days preceding removal that the case was one that was removable. Jurisdictional Mem. in Supp. of Removal, dkt. #2, district court case 16-cv-349, at 1 (citing 28 U.S.C. § 1446(b)(3)). Section 1446(b)(3) provides that a party may file a notice of removal within 30 days after receipt by the defendant "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." However,

4

defendants have not identified anything in any paper filed within 30 days of May 26, 2016 that would have given them cause to think the case was removable. As I told defendants in the March 11, 2013 order denying their second attempt at removal and granting plaintiff's motion to remand the case to the Circuit Court for Juneau County, defendants have the burden to prove that removal is proper. Jones v. General Tire & Rubber Co., 541 F.2d 660, 664 (7th Cir. 1976). Their failure to make the necessary showing means that the case must be remanded yet again.

Plaintiff has asked for an award of fees and costs under 28 U.S.C. § 1447, if remand is granted. Section 1447 provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Plaintiff contends that it is entitled to an award of the actual expenses it has incurred as a result of the most recent removal. The request is justified in light of defendants' failure to show that its recent attempt to remove the case was legally permissible under 28 U.S.C. § 1441.

ORDER

IT IS ORDERED that

1. Plaintiff The Bank of New York Mellon's motion to remand this case to the Circuit Court for Juneau County, Wisconsin, is GRANTED. The clerk of court is directed to transmit the record to the Circuit Court for Juneau County, Wisconsin.

2. Plaintiff's motion for an award of actual expenses, including attorney fees, is GRANTED. Plaintiff may have until September 14, 2016 in which to file an itemized statement of the actual expenses it has incurred, including attorney fees, in opposing defendants' May 26, 2016 removal of this case to federal court. Defendants may have until September 28,

5

2016, in which to file their opposition to the amount of fees sought. Plaintiff may have until October 5, 2016 in which to file a reply.

    3. Plaintiff's motion for an order barring defendants John and Gabrielle Glavin from filing another motion to remove this case from the Circuit Court for Juneau County is DENIED for plaintiff's failure to cite any legal support for such an order.

    Entered this 7th day of September, 2016.

                              BY THE COURT:
                              /s/
                              BARBARA B. CRABB
                              District Judge